

*U.S. Department of Justice*

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Connecticut Financial Center* | *(203)821-3700* |
| *157 Church Street* | |
| *P.O. Box 1824* | |
| *New Haven, Connecticut 06510* | *Fax (203) 773-5376* |

November 25, 2005

J. Daniel Sagarin, Esq.
Hurwitz & Sagarin LLC
147 Broad Street
P.O. Box 112
Milford, Connecticut 06460-0112

John A. Acampora, Esq.
Cohen & Acampora
Eight Frontage Road
P.O. Box 190
East Haven, Ct.  06484

                Re: <u>United States v. Auto Specialist, Inc.</u>

Dear Messrs. Sagarin and Acampora:

      This letter confirms the plea agreement entered into between your client, Auto Specialist, Inc. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**<u>THE PLEA AND OFFENSE</u>**

      Defendant agrees to waive indictment and plead guilty to the Information in this case, which charges it with one count of bribery, in violation of Title 18, United States Code, Sections 201(b)(1)(B).  Defendant understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

| | |
|---|---|
| <u>First</u>: | That the defendant, directly or indirectly, corruptly gave; |
| <u>Second</u>: | Anything of value; |
| <u>Third</u>: | To a public official; and |
| <u>Fourth</u>: | With intent to influence that public official to commit or aid in the commission of a fraud on the United States, in this instance the |

Daniel J. Sagarin, Esq.
John A. Acampora, Esq.
November 25, 2005
Page 2

Department of Veterans Affairs.

## THE PENALTIES

The defendant faces from one to five years of probation and a fine. The maximum possible fine for this offense, pursuant to Title 18, United States Code, Section 3571, is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $500,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (I) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must [may] also order that the defendant make restitution under 18 U.S.C. §3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless ordered otherwise by the Court.

In addition to any restitution that may be ordered by the Court, the defendant agrees to make restitution in the amount of $29,000 to the Department of Veterans Affairs. The parties agree and acknowledge that a check has been provided to the Department of Veterans Affairs in the amount of restitution.

Cost of Prosecution

The defendant understands that it may be ordered to pay the costs of prosecution pursuant to Title 28, United States Code, Section 1918(b). The defendant agrees to reimburse the Government $150,000 as an amount constituting the cost of prosecution. The defendant agrees to make such payment prior to the date of sentencing.

## THE SENTENCING GUIDELINES

i.  Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor and appropriate sentence in this case. See United States v. Booker, 2005 WL 50108, 543 U.S. __

Daniel J. Sagarin, Esq.
John A. Acampora, Esq.
November 25, 2005
Page 3

(2005).  The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report.  The defendant further understands that it has no right to withdraw its guilty plea if its sentence or the Guideline application is other than it anticipated.

    ii   <u>Stipulation</u>

  Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement.  The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant expressly understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

    iii.   <u>Guideline Stipulation</u>

  The Government and the defendant stipulate and agree that in addition to any term of probation (see U.S.S.G. § 8D1.1), the defendant's applicable Sentencing Guidelines to be at a range of $105,000 to $210,000.   The parties jointly agree to recommend to the Court that it impose a fine of $150,000.  The parties have used the November 1, 2000 version of the United States Sentencing Commission Guidelines Manual.

  The parties calculate the defendant's base offense level under U.S.S.G. §§ 2C1.1(a), is 10.  Two levels are added since the conduct involved more than one gratuity pursuant to U.S.S.G. § 2C1.1(b)(1) and four additional levels are added pursuant to U.S.S.G. § 2C1.1(b)(2) since the value of the gratuity was greater than $20,000 but less than $40,000.  Pursuant to U.S.S.G. § 8C2.4(d), with a base offense level of 16, the base fine amount is $175,000.  The parties agree that the defendant's culpability score, based upon U.S.S.G. § 8C2.5, is 5, and that two points should be subtracted from this score to yield a culpability score of 3.  A base fine of $175,000 with a culpability score of 3, yields a minimum fine of $105,000 ($175,000 multiplied by .60) and a maximum fine of $210,000 ($175.000 multiplied by 1.20).  As noted above, the parties jointly agree to recommend to the Court that it impose a fine of $150,000.

  The Government will recommend the two acceptance point only if the defendant fully, completely, and truthfully discloses to the Probation Office the information requested, the circumstances surrounding its commission of the offense, and its criminal history.  This recommendation is further conditioned upon the defendant's submission to the Probation Office, prior to the date of sentencing, of a complete and truthful financial statement setting forth all assets.  The defendant expressly understands that the Court is not obligated to accept the Government's recommendation of a two point reduction.  Also, the Government will not make this recommendation if the defendant engages in any acts which (1) indicate that it has not

Daniel J. Sagarin, Esq.
John A. Acampora, Esq.
November 25, 2005
Page 4

terminated or withdrawn from criminal conduct or associations (U.S.S.G. § 3E1.1); (2) could provide a further basis for an adjustment for obstructing or impeding the administration of justice (U.S.S.G. § 3C1.1); or (3) constitute a violation of any condition of release.  The defendant expressly understands that it may not withdraw its plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above.  The defendant further expressly understands that it will not be permitted to withdraw its plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

   iv.  Waiver of Right to Appeal
      or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances it is entitled to appeal its conviction and sentence as unreasonable.   It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that if that sentence is within or below the guideline range specified above, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range.  The defendant expressly acknowledges that it is knowingly and intelligently waiving its appellate rights.

   v.  Information to the Court

The Government and the defendant expressly reserve their right to make all available sentencing arguments to the Court and to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, it is expressly understood that the Government will discuss the facts of this case with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

Waiver of Right to Indictment

The defendant understands that it has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom

Daniel J. Sagarin, Esq.
John A. Acampora, Esq.
November 25, 2005
Page 5

would have to find probable cause to believe that it committed the offense set forth in the information before an indictment could be returned.  The defendant expressly acknowledges that it is knowingly and intelligently waiving its right to be indicted.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense.  The defendant understands that by pleading guilty it waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if it pleads guilty, the Court may ask it questions about each offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty.  The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law.

The defendant further acknowledges that it is entering this agreement after having had a

full and fair opportunity to consult with Daniel J. Sagarin, Esq, and John A. Acampora, Esq.. The defendant acknowledges that it has had full and complete opportunity to discuss this agreement with its outside counsel, and the defendant believes that this plea agreement is in its own best interest.  The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney.  The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that it is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement or otherwise could have been brought..  The defendant voluntarily, knowingly, and intelligently waives any rights it may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it, except as expressly explained above.

## COLLATERAL CONSEQUENCES

The defendant further understands that it will be adjudicated guilty of each offense to which it has pleaded guilty and may be deprived of certain rights.  The defendant understands that the Government reserves the right to notify any state or federal agency by whom it is licensed, or with whom it does business, of the fact of its conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the conduct which forms the basis of the information in this case.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw its plea of guilty.

Daniel J. Sagarin, Esq.
John A. Acampora, Esq.
November 25, 2005
Page 7

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

The defendant, Auto Specialist, Inc., by the undersigned who certifies and represents that he is authorized to enter into this agreement, certifies that it has read this plea agreement letter or has had it read or translated to it, that it has had enough time to discuss it with its attorney, that its attorney has answered any questions it had about it, that it sets forth the entire agreement and understanding between it and the Government, and that the defendant fully understands and accepts its terms.

_____
AUTO SPECIALIST INC.
BY:    DAVID B. WAKEFIELD
          PRESIDENT


I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that it understands and accepts its terms.


_____          _____
DANIEL J. SAGARIN, ESQ.                                Date
Attorney for the Defendant


_____          _____
JOHN A. ACAMPORA, ESQ.                                Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant AUTO SPECIALIST, INC., and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

1. From in or about 1998 to in or about October 2001, AUTO SPECIALIST, INC., was an automobile repair business located in West Haven, Connecticut. AUTO SPECIALIST, INC., was engaged in the business of vehicle repair.

2. During this time period, AUTO SPECIALIST, INC., was tasked with performing repair services for vehicles operated by the United States Department of Veterans Affairs ("VA"). Charges incurred for repair were billed against a General Services Administration Purchase Credit Card ("GSAPCC") to the Department of Veterans Affairs.

3. From in or about 1998 to in or about October 2001, Dennis Smith was a transportation specialist employed by the VA at the VA Medical Center, West Haven, Connecticut. Smith was a public official. Part of Smith's duties and responsibilities included overseeing the maintenance of vehicles utilized by the VA and the General Services Administration ("GSA").

4. AUTO SPECIALIST, INC., would bill the VA through the GSAPCC for work done on that entities vehicles by charging a credit card and forwarding the invoice and credit card receipts to Smith. The credit card charges were billed to the VA.

5. Beginning in or about 1998 and continuing up to and including November October 2001, AUTO SPECIALIST, INC., on multiple occasions corruptly gave and caused to be given something of value to Dennis Smith, a public official, including services, property and monies, for maintenance and repair work purportedly done on vehicles owned or leased by the VA and GSA where the work was in fact not done, in return for and with the intent of influencing Smith to commit a fraud on the United States, that is, to charge the United States for maintenance and repair work which was not, in fact, done.

6. On December 9, 1998, AUTO SPECIALIST, INC., gave Smith check number 6382 written on the Bank of Boston account of AUTO SPECIALIST, INC., in the amount of $1,739.95, written on an account of AUTO SPECIALIST, INC., and made out to "City Bank Visa or Dennis Smith" for a "Radio Payment Pay Off." The purpose of that check was to influence Smith to continue to refer work to AUTO SPECIALIST, INC., to continue to receive monies for work which was not, in fact, done but which was billed to the United States, and thereby influenced Smith to commit a fraud on the United States.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____                                 _____
AUTO SPECIALIST INC.                                                ANTHONY E. KAPLAN
BY:    DAVID B. WAKEFIELD                                ASSISTANT UNITED STATES ATTORNEY
          PRESIDENT


_____
DANIEL J. SAGARIN, ESQ.
Attorney for the Defendant


_____
JOHN A. ACAMPORA, ESQ.
Attorney for the Defendant

<u>RIDER CONCERNING RESTITUTION</u>

The Court shall order that the defendant make restitution under 18 U.S.C. § §3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

> A. Return the property to the owner of the property or someone designated by the owner; or
>
> B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:
>
> > The greater of -
> >
> > (I) the value of the property on the date of the damage, loss, or destruction; or
> >
> > (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim --

> A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
>
> B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
>
> C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.